## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-7695 |
| BOBBY E. WRIGHT COMPREHENSIVE BEHAVIORAL HEALTH CENTER, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Theresa Jackson who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Bobby E. Wright Comprehensive Behavioral Health Center ("BEW Center") violated the ADA by failing to provide Jackson with reasonable accommodations for her disability and instead discharging Jackson because of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.      Plaintiff, the EEOC, is the agency of the United States of America charged with

administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring

this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference

Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.       At all relevant times, BEW Center, an Illinois corporation, has been continuously

doing business in the State of Illinois and the City of Chicago. It has continuously had at least 15

employees.

5.       At all relevant times, BEW Center has continuously been an employer engaged in

an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by

reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.       At all relevant times, BEW Center has been a covered entity under Section

101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days before institution of this suit, Jackson filed a charge with

the EEOC alleging that BEW Center violated Title I of the ADA.

8.      On May 29, 2012, the EEOC found reasonable cause to believe that Defendant

discriminated against Jackson in violation of the ADA.

9.      On May 29, 2012, the EEOC invited the parties to engage in conciliation.

10.     On August 28, 2012, the EEOC informed the Defendant that such conciliation efforts as are required by law have occurred and been unsuccessful and that it had determined that further conciliation efforts would be futile or non-productive.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

12.     Since at least November 2009, BEW Center has engaged in unlawful employment practices at its facility located in Chicago, IL, in violation of Section 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a), 12112(b)(5)(A).

      a.     Jackson has impairments, including depression and panic attacks, that substantially limit her in one or more major life activities, including, but not limited to, concentration, sleep, social interaction, brain function, and nervous system function.

      b.     Jackson has a record of having depression and panic attacks that substantially limit her in one or more major life activities, including, but not limited to, concentration, social interaction, brain function, and nervous system function.

      c.     BEW Center regarded Jackson as being disabled and discharged her because of her impairments, depression and panic attacks.

      d.     At all relevant times, Jackson was a qualified individual and able to perform the essential functions of her job, psycho-social rehabilitation assistant, either with or without a reasonable accommodation.

      e.     In November and December 2009, Jackson requested the reasonable accommodation of leave to seek medical treatment related to her impairments. She further requested the reasonable accommodation of seeking psychiatric care from her own medical provider. BEW Center denied her requests.

f.  On or about December 17, 2009, BEW Center unlawfully discriminated against Theresa Jackson by terminating her employment because of her disability.

13.  The effect of the practices complained of in paragraph 12 above has been to deprive Jackson of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

14.  The unlawful employment practices complained of in paragraph 12 above were intentional.

15.  The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Jackson.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.  Grant a permanent injunction enjoining BEW Center, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of disability.

B.  Order BEW Center to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order  BEW Center to make Theresa Jackson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order BEW Center to make Theresa Jackson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 above, in amounts to be determined at trial.

E.      Order BEW Center to make Theresa Jackson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12 above, including, but not limited to, emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F.       Order BEW Center to pay Theresa Jackson punitive damages for its malicious and reckless conduct, as described in paragraphs 12 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


September 26, 2012                                     Respectfully submitted,

                                                      P. DAVID. LOPEZ
                                                      General Counsel

                                                      JAMES L. LEE
                                                      Deputy General Counsel

                                                      GWENDOLYN YOUNG REAMS
                                                      Associate General Counsel

                                                      U.S. Equal Employment Opportunity
                                                      Commission
                                                      131 M. Street, N.E.
                                                      Washington, D.C. 20507

                                                      */s/ John C. Hendrickson*
                                                      John C. Hendrickson
                                                      Regional Attorney

*/s/ Diane I. Smason*
Diane I. Smason
Supervisory Trial Attorney

*/s/ Brandi Davis*
Brandi Davis
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8105
brandi.davis@eeoc.gov